Hall *v.* Burton.

NATHANIEL H. HALL, Plaintiff in Error, *v.* JONATHAN P. BURTON, Defendant in Error.

A note made payable to the order of the maker, becomes by his indorsement and delivery, like a note made to the order of any other person.

THIS was an action of debt by Jonathan P. Burton, the defendant in error, upon two promissory notes, made at Philadelphia by the defendant below, payable to his own order, and by him indorsed to the plaintiff below. The declaration contained four special counts upon the notes, and the common counts for money lent, etc., paid, had and received, and found to be due, etc.

The defendant below filed a general and special demurrer to the four special counts, and to the eighth count of the declaration; and a plea of non-assumpsit to the fifth, sixth and seventh counts.

The Circuit Court overruled the demurrer to the special counts, the defendant below abiding thereby, and sustained the same to the eighth count, but gave no judgment thereupon.

The plaintiff below joined issue upon the plea to the fifth, sixth and seventh counts, and a trial was had thereon by the court at the August special term, 1860. The court found for the plaintiff below, and assessed his damages at $805.69, and rendered judgment for $2,663.46 debt, and damages $805.69.

The defendant below moved for a new trial, which motion was overruled, and exception taken.

The defendant below brings the case to this court for review.

C. C. BONNEY, and JOHN D. ROUSE, for Plaintiff in Error.

The instruments declared upon were made payable to the order of the maker thereof, and not to any other person. They were therefore void, and no action can be maintained thereon against the maker. *Flight* v. *McLean*, 16 Mees. & Wels. 51; *Rombo* v. *Metz*, 5 Strobh. 108; *Woods* v. *Ridley*, 11 Humph. 194.

The instruments declared upon were not negotiable by the laws of Pennsylvania, where the same were made and indorsed. The validity of a contract depends upon the *lex loci contractus*. *Sherman et al.* v. *Gassett et al.*, 4 Gilm. 521; Story on Conflict of Laws, sec. 243.

No action could be maintained upon a promissory note, by the payee or indorsee, prior to Stat. of the 3 and 4 Anne, chap. 9, nor was the same negotiable. *Trier v. Bridgman*, 2 East R. 359 ; Preamble to Stat. 3 and 4 Anne, chap. 9.

The legal effect of the instruments declared on, if any they have, is, that the indorsee is payee. *Gay et al.* v. *Lander*, 6 M., G. & S. 336; *Masters* v. *Barreto*, 2 C. & K. 715; *Scull* v. *Edwards*, 8 Eng. R. 24.

A contract or written instrument should be stated according to its legal effect. 1 Chitty on Pleadings, 305; Stephen on Pleadings, 432; Gould on Plead. 155.

A mistake in stating the legal effect, if it appears upon the face of the pleadings, is fatal on demurrer, and if it does not thus appear, it is fatal in evidence. Gould on Plead. 156; 1 Chit. on Plead. 306.

The plaintiff below sues as indorsee, and declares against the defendant below as indorser, when, according to the cases cited above, he should declare as payee against the maker.

The plaintiff below, as indorsee, brings an action of debt against the maker. Assumpsit is the only remedy of the indorsee of a promissory note against the maker. 1 Chit. on Plead. 103 ; 2 Bos. & Pul. 78.

N. H. PURPLE, for Defendant in Error.

Cited, 24 Ill. 191.

WALKER, J. This was an action of debt instituted in the court below, on two promissory notes. They were executed by plaintiff in error, payable to his own order, and were indorsed by him to defendant in error. It is urged, as a ground of reversal, that the notes never became valid and binding negotiable instruments, under our statute, for the want

of a payee, and that their subsequent indorsement by the maker, gave to them no vitality or legal effect as promissory notes. In the case of *Wilder* v. *De Wolf*, 24 Ill. 191, this court held, that whilst such " a note is inoperative until it is negotiated, yet, when the maker indorses and delivers it, that it then becomes fully invested with all the attributes of such an instrument, and subject to all of its incidents." This precise question was before the court, and was then decided. This action is against the maker, and he became liable, as such, the moment he indorsed and delivered these notes. By that simple act, he became both maker and indorser, and liable to respond to all the liabilities of either.

The other objections urged upon the trial have been examined with care, and are regarded as possessing no force. Upon this entire record, no error is perceived, and the judgment of the court below is therefore affirmed.

*Judgment affirmed.*