NANCY RHOADES *et al.*

*v.*

CATHARINE RHOADES.

88   139
,128  156
88   139
55a  294
88   139
163  383
88   139
215  4115

1. DEVISE—*charge in, may be enforced.* Where a father devised all his property, real and personal, to his son, charged with the support of his mother during life, and the son died, having made no provision for the support of his mother, leaving a widow, a posthumous child being born, on bill by the widow of the testator, the court fixed $94 a year as a reasonable annuity for her support, to be charged upon the real estate, and decreed that the widow and heir of the son pay the same, and, in default thereof, provided for a sale of the land: *Held,* no error.

2. PARTIES IN CHANCERY—*bill to enforce charge on land.* On bill, against the widow and heir of a sole devisee, to enforce a charge upon the property devised to him, it was *held,* that the other heirs at law of the testator, or their husbands, and the executor of the will, were not necessary parties.

3. ERROR—*default as to parties not served.* The entry of a default against unnecessary parties to a bill in chancery, who are not served, and of whom the final decree requires nothing, is no ground of error as to a proper party defendant who has been served. The correct practice is, to dismiss as to such parties not served.

4. CHANCERY—*sufficiency of evidence.* Where the record of a chancery suit shows that oral evidence was heard on the hearing, and the finding of the facts by the court is sufficient to support the decree, it will not be reversed.

WRIT OF ERROR to the Circuit Court of Piatt county; the Hon. C. B. SMITH, Judge, presiding.

Messrs. REED & BARRINGER, for the plaintiffs in error.

Mr. JUSTICE DICKEY delivered the opinion of the Court:

This is a suit in chancery, brought by Catharine Rhoades, the widow of Abraham Rhoades, deceased, against Nancy Rhoades and Ernest A. Rhoades, the widow and only heir at law of Alexander Rhoades, deceased, and against others.

In 1857, Abraham Rhoades died, leaving a will, which was :fterwards probated, by which he gave all his property, real and personal, to his son, Alexander Rhoades, charged with the support, during her life, of the complainant, Catharine

Rhoades, who was his wife at the time of making the will and until his death.

In 1873, Alexander Rhoades, having made no provision for the support of complainant, died, leaving his widow, Nancy Rhoades, in possession of the only real estate of which Abraham died seized, and leaving no children. After his death, a posthumous child was born, and is Ernest A. Rhoades.

The bill makes parties defendant all the heirs at law of Abraham Rhoades, and their husbands and wives, respectively, and, also, the surviving executor of the estate of Abraham Rhoades. The heirs were all served with process, but the husband of one of the heirs and the executor were not served with process, so far as appears from the returns on the summons. The record recites that they were all served with process, and, for want of appearance, the bill was taken for confessed against all the defendants, except Nancy Rhoades and her infant son, Ernest A. Rhoades. She answered the bill, and an answer for him was filed by a guardian *ad litem,* to which answers a general replication was filed, and the case was heard on these pleadings and oral proofs, and a decree entered fixing $94 a year as a reasonable annuity, to be charged upon the real estate, for the support of the complainant, for life, and requiring these two named defendants to pay the same from time to time, and, in default thereof, providing for a sale of the real estate in a manner, (specified in the decree,) to provide for and raise that annuity, during the life of complainant, for her support. Nancy Rhoades and Ernest A. Rhoades bring the record here on a writ of error.

We find no error, here, of which plaintiffs in error can complain. None of the parties not served were necessary parties to the suit. They had no interest in the controversy, and plaintiffs in error could not be benefited, in any way, by having them made parties. It would, no doubt, have been a more correct practice to have dismissed the bill as to those parties. The entry against them of a default, in the way in which it was done, can harm no one, in any supposed event,

as the decree required nothing to be done by them. In substance, there is no decree against them. These plaintiffs in error can not avail themselves of an irregularity by which their interests are not harmed.

It is insisted that the proofs preserved in the record are not sufficient to support the decree. The record shows the testimony was oral, and the findings of the court are sufficient to support the decree. In such case, it is presumed that the oral proofs did support the findings.

Finding no material error, the decree of the circuit court must be affirmed.

*Decree affirmed.*