LIZZIE  W.  R.  ALLEN[a]

v.

JOHN  V.  LeMoyne et al.

*Filed at Ottawa November 10, 1881—Rehearing denied March Term, 1882.*

CHANCERY—*preserving the evidence—finding the facts in the decree.* In order to sustain a decree it is not necessary that the evidence of the facts shall be preserved in the decree, although not otherwise preserved, but it is sufficient if the facts established by the evidence are recited in the decree. A finding that a party has no interest in lands the right to which is involved in the suit, is not open to the objection that it is not a finding of facts but is a mere inference from a variety of facts.

WRIT OF ERROR to the Circuit Court of Cook county; the Hon. E. S. WILLIAMS, Judge, presiding.

Mr. EDWARD ROBY, for the plaintiff in error.

Mr. JOHN P. WILSON, for the defendant in error John V. LeMoyne.

Mr. CHIEF JUSTICE CRAIG delivered the opinion of the Court:

This was a bill in equity, brought by Lizzie W. R. Allen, in the circuit court of Cook county, against John V. LeMoyne, George Shiras, Jr., and others. The bill contains numerous allegations, but the main purpose of the bill seems to be to obtain a decree vesting the title to a large tract of land in Cook county, claimed by LeMoyne, in the complainant. The bill prays that certain deeds executed by complainant and Polly H. Ricketson be set aside; that a certain contract, known as the Tiernan contract, be declared void; that a certain decree of the United States court, in favor of one Quimby, be declared void and no lien on the land; that LeMoyne, Shiras, and Wilkins, be required to convey the premises; that a conveyance made by Wilkins to LeMoyne be declared void; that a deed made by Merrick be declared void; that the Canal

Commissioners be decreed to convey the legal title of the land to complainant. Answers were put in to the bill, and the defendant LeMoyne filed a cross-bill, in which he made the complainant in the bill and the Canal Commissioners parties defendant, and in which he prayed that the deeds made by the complainant may be established, and declared by the court a sufficient bar to any claim by said complainant on, or interest in, said lands, and that the Canal Commissioners may be decreed to convey an undivided half of the lands named in the bill to orator, etc. An answer was filed to the cross-bill, a hearing had on the testimony, and upon the hearing the court rendered a decree dismissing the bill, and requiring the Canal Commissioners to convey, as prayed for in the cross-bill. To reverse the decree, the complainant in the original bill has sued out this writ of error.

We have been favored with an elaborate oral and printed argument on behalf of plaintiff in error, in which it is argued that the decree of the circuit court is not warranted by the evidence; but upon an examination of the record we find that the decree was rendered upon testimony which had been taken in the cause, and oral evidence taken in open court, and that the oral evidence has not been preserved by certificate of evidence, and incorporated into the record. The transcript of the record contains the depositions which had been taken in the case, but no part of the oral evidence heard in open court. The court, in its decree, however, from the evidence heard on the trial, found certain facts, a portion of which are as follows: "That in making said purchase of said Smith and McCaffrey, said Ricketson bought two-thirds of said lands for himself, and one-third as trustee or agent of the defendant H. Brady Wilkins, who furnished to said Ricketson the money therefor; that after said purchase, about the 13th day of September, A. D. 1864, said Ricketson sold to the defendant Silas Merrick the one undivided sixth of all of said land; that said Ricketson died about the 27th day

of September, A. D. 1866, at Pittsburg, Pa., seized of an undivided one-half of said lands, which were then subject to one payment to said canal trustees; that said complainant in the original bill, and her mother, Polly H. Ricketson, were, by the will of said Charles W. Ricketson, his sole devisees; that said Polly H. Ricketson and complainant, afterwards, for a valuable consideration, conveyed all their interest in said premises to said John V. LeMoyne, by deed dated January 22, A. D. 1870; that said H. Brady Wilkins and Silas Merrick, each, for a valuable consideration, sold and conveyed all his interest in said lands to said John V. LeMoyne, and the court finds that all the payments due to said canal trustees have been paid, and the defendants Joseph O. Glover, Benjamin F. Shaw and Martin Kingsman, as the successors of said canal trustees, hold the naked legal title to said premises; that said John V. LeMoyne, as the grantee of said H. Brady Wilkins and Silas Merrick, is the owner of, and entitled to, the equitable title to the one undivided half of all of said lands; that the other half he holds subject to the debts of said Charles W. Ricketson; and the court finds that the said complainant in said original bill, Lizzie W. R. Allen, has no interest in any of said lands."

Can the court disregard the finding of facts recited in the decree, when all the evidence had on the trial has not been preserved and incorporated into the record? If we can not, the decree must be affirmed, as the recited facts found by the court show clearly that complainant can not recover. Since the adoption of the act allowing oral testimony to be heard on the trial of a cause in equity, it has been the constant practice to preserve the evidence by recitals in the decree, and in *Cooley* v. *Scarlett*, 38 Ill. 316, it was held that the statements of the evidence in the decree can no more be questioned by the appellate court, than can those of a bill of exceptions in a common law case. Where the facts are found by the court, and recited in the decree, the finding can not

be reversed unless all the evidence heard on the trial is pre-
served in the record, and thus brought before the court.
Where the evidence is not all preserved, it will be presumed
that the evidence heard and not preserved was sufficient to
authorize the finding. *Rhoades* v. *Rhoades,* 88 Ill. 139; *Cor-
bus* v. *Teed,* 69 id. 208; *Morgan* v. *Corlies,* 81 id. 75.

In the decree the court found that the complainant, in
1870, conveyed by deed, for a valuable consideration, to
LeMoyne, all her interest in the premises; that Wilkins and
Merrick, for a like consideration, sold and conveyed all their
interest in the lands to LeMoyne. The court also found that
the complainant had no interest in any of the lands. If com-
plainant has no interest in the lands, upon what theory can
she maintain a bill in equity? If she has parted with all
the title she had, for a valuable consideration, that ends the
controversy, so far as she is concerned, and she has no right
to interfere.

It is, however, said, the finding that the complainant had
no interest in any of the lands, is not a finding of fact, but
an inference from a great variety of facts. It is not neces-
sary that the evidence should be set out in the decree,—the
facts established by the evidence is all that can be required.
A similar question arose in *Walker* v. *Carey,* 53 Ill. 470, where
it was held that where a decree recites that upon the hearing
certain facts were proven by the evidence introduced, and the
court so finds,—that no facts were stated in the decree, but
simply a conclusion from the other facts,—it was held that
such a recital was sufficient. We do not, however, base the
decision on this finding in the decree,—it is not necessary to
place it upon that ground. The court, after hearing all the
evidence in the case, found that complainant in the original
bill, and Polly H. Ricketson, for a valuable consideration,
conveyed all their interest in said premises to said John V.
LeMoyne, by deed dated January 22, A. D. 1870. This
finding, incorporated in the decree, must be presumed to be

correct, and sustained by the proof, and can not be inquired into here in the absence of any of the evidence heard on the trial, which plaintiff in error has failed to bring before us. If the complainant on a certain day sold and conveyed by deed, for a valuable consideration, all her interest in the premises, she could have no standing in a court of equity. She had no interest to protect after the conveyance. She was a stranger to the lands, and had no more right to file a bill than a person who never had any interest in the premises.

The decree will be affirmed.

*Decree affirmed.*

*Filed at Ottawa November 10, 1881—Rehearing denied March Term, 1882.*