Frink v. Neal.

## HENRY F. FRINK
### v.
## DARIUS J. NEAL.

*Deed of Trust—Foreclosure of Note—Variance—Practice.*

1.   A decree in a given case will not be disturbed unless the evidence upon which it was based is incorporated in, and made a part of the record.
2.   The purchaser of a note secured by a deed of trust, the note through mistake calling for interest from maturity and not from date, acquires all the equities of the original creditor.
3.   Where such deed provides that the whole debt shall be payable for

default in payment of interest, it is proper, upon the refusal of the grantor to correct such mistake or to pay interest, to enter a decree of foreclosure on a bill filed before the time for which the note was given expired.

4. Under a provision that the trustee might file a bill "in his own name or otherwise," the holder of the indebtedness may file the bill, and solicitors' fees, the same being provided for in the deed, should be allowed.

[Opinion filed February 10, 1891.]

APPEAL from the Superior Court of Cook County; the Hon. HENRY M. SHEPARD, Judge, presiding.

Mr. E. A. SHERBURNE, for appellant.

Frink never made any contract to give complainant a note bearing eight per cent interest, payable annually, or any other time.

Nor does complainant show that he made any attempt whatever to see or know what the note he bought in fact provided, nor does he aver or pretend that Frink or any one in his interest made any representation as to what the note contained. He simply went in voluntarily, blindfolded, and bought the note. Under such circumstances a court of equity will not lend its aid to save a man from the results of his own negligence. 1st Story's Equity Juris., 10th Ed., Sec. 146, and note 1.

Suppose it were admitted that Frink "intended to give" and said "company to receive" a note, "bearing interest at eight per cent, payable annually," and that "by mistake" Frink made a different note, "each being equally innocent, and there being no concealment of facts which the other party has a right to know, and no surprise or imposition exists, the mistake or ignorance, whether mutual or unilateral, is treated as no foundation for equitable interference. It is strictly *damnum absque injuria.*" Botsford v. Wilson, 75 Ill. 132; 1st Story's Eq. Juris., Secs. 150, 151.

There is no evidence on which to support the decree, nor are the facts specifically found in the decree. In such cases the decree can not stand. Marvin v. Collins, 98 Ill. 510 (516-17).

The court erred in decreeing that appellant pay solicitor's fees, etc. The trust deed, set out in the bill, authorized the payment of attorney's fees in case a bill was filed "by the trustee, in his own name or otherwise, to obtain a decree of sale of the premises conveyed in the trust deed." This bill is not filed by the trustee, but by the *cestui que trust;* hence the agreement to pay attorney's fees does not apply in favor of the complainant. Fayette v. Free Home Association, 27 Ill. App. 308; Cheltenham Imp. Co. v. Whitehead, 128 Ill. 279.

And if the court please, it is respectfully contended that the same principle applies to another feature of this case. The bill alleges that it is provided by the said trust deed, that if default should be made in the payment of said note, or interest, in the manner in said deed specified, or in case of the breach of any of the covenants therein contained, etc., then, in such case, "on the application of the legal holder of said note, it should be lawful for the said grantee to * * * file a bill or bills in any court," obtain a decree, etc. This bill is not filed by the "said grantee," but by the *cestui que trust;* nor does it appear that the latter applied to the said grantee, either to file a bill or allow him to use the name of said grantee in filing one. This court said in the opinion first above cited, that "stipulations in trust deeds or mortgages to pay attorneys' fees are always strictly construed, and are never enforced, except under the terms of the agreement they are clearly provided for." Now the same reasoning applies to the filing of a bill under the provision in a trust deed or mortgage, and the court will please bear in mind that complainant has not placed his right to file a bill on any ground except that provided by the conditions of the trust deed; not on the ordinary equities of the holder of a security; and so he is here seeking to get a decree of sale on a note not due when his suit was begun. The note would be due in August, 1888, and complainant filed his bill on the 23d of February, 1887, a year and a half before it became due, and he relies on the conditions of the trust deed to make said note due when he files the bill, and upon the same foundation to sup-

port his right to file the bill, and it is respectfully contended that the conditions are not sufficient to support either claim. Equity never enforces a forfeiture unless compelled by the very terms of the instrument to do so, and a party must stand or fall by the case made in his bill. It is therefore respectfully submitted that in no view of the case can this decree be sustained.

Messrs. M. BLANCHARD and ROBERT S. HILL, for appellee.

It will be seen that Frink now seeks under his first point—want of equity—to raise the same question raised by and determined against him on his demurrer to the amended bill, which resolves itself into this, viz.: Whether the assignee of a note secured by a trust deed can maintain a bill to foreclose after condition broken.

To this it might be replied, that after answer filed it is too late to raise this question. Brill v. Stiles, 35 Ill. 306.

But the point was not well taken even on demurrer, because the assignee of a note, acquiring it before maturity, is clothed with all the rights, certainly, of the payee. Silverman v. Bullock, 98 Ill. 11.

And the purchase of the note while in escrow, without any of the parties to the note being aware of the mistake, does not change the rule. The purchaser of the note can have his bill to foreclose if the payee could, had the note never been transferred.

As to the second point—want of evidence—we reply:

That the decree finds that the court had jurisdiction, that the equities were with the complainant, and that all the material allegations of the amended bill are true as therein stated. Moreover, the answer admits the execution of the note and deed and their transfer.

The decree specifically finds the amount due on the note together with the only other material facts not admitted, viz., that Frink intended to give, and the appellee and his assignors intended to receive, a note bearing interest from its date, and that a mistake occurred in drawing the note. Under our practice this is sufficient. Binkert v. Wab. R. R. Co., 98 Ill. 205; Morgan v. Corlies, 81 Ill. 72.

"Where the material allegations in a bill in chancery are admitted in the answer of the defendant and the court decrees accordingly, the case will not be reversed." Padfield v. Padfield, 64 Ill. 166; Bree v. Bree, 51 Ill. 367; Chickering v. Fullerton, 90 Ill. 521.

So, "when a decree in chancery recites that the case was heard on proofs, and then finds the facts charged in the bill to be true, it will be inferred the facts were found upon the testimony. Such a decree will be sustained though it does not purport to set out the testimony, and it is not otherwise preserved in the record." Mauck v. Mauck, 54 Ill. 281; Secrist v. Petty, 109 Ill. 188.

" Where a decree is justified by the pleadings and the facts recited in the decree, it is the duty of the defendant to preserve the whole evidence in the record, by a bill of exceptions or certificate, if he questions its sufficiency, etc." Morgan v. Corlies, 81 Ill. 72.

" When the record of a chancery suit shows that oral evidence was heard on the hearing and the finding of facts by the court is sufficient to support the decree, it will not be reversed." Rhoades v. Rhoades, 88 Ill. 139.

"Proof is not necessary as to any facts alleged in the bill which are admitted in the answer." Fergus v. Tinkham, 38 Ill. 407.

" In the absence of a bill of exceptions or certificate of evidence, it will be presumed that the findings were warranted by the proofs heard by the court. In the absence of a certificate preserving all the evidence heard by the trial court, it must be presumed that there was sufficient evidence to warrant and sustain the findings." Brown v. Miner, 128 Ill. 156, and cases cited.

The case of Marvin v. Collins, 98 Ill. 510, is not in point. There the bill contained " no allegation in reference to Marvin's tax title. In fact, the first time it appears in the record is in the decree holding it invalid. In this there was error." For that reason, and because the evidence preserved did not show that Marvin did not acquire a good title under an execution sale, the decree was reversed.

It is contended, finally, that the trust deed authorizes the payment of solicitors' fees only when the bill is filed in the name of the trustee.

In Cheltenham Imp. Co. v. Whitehead, 128 Ill. 279, the court say (page 286): "We do not assent to this construction of the language used in the trust deed. The object in providing for attorneys' fees in the trust deed was, in the event that the mortgagor should fail to pay the debt, and the holder of the indebtedness should be compelled to foreclose the trust deed in order to collect the debt, then solicitors' fees should be allowed. What difference could it make with the mortgagor whether the bill was filed in the name of the trustee or in the name of the holder of the indebtedness? We do not see that the liability of the mortgagor could in any manner be changed, whether the bill was brought in one name or in the other. Moreover, the language of the deed of trust, giving it a fair construction, will not admit the meaning attempted to be placed upon it. " The solicitors' fees are payable upon the filing of a bill in the name of the trustee, or otherwise," the same language as in the trust deed in question. The court further says: "Some meaning must be given to the word ' otherwise.' It can not be arbitrarily rejected, and we are of the opinion that a fair and reasonable construction of the contract will fully authorize the allowance of solicitors' fees, whether the bill was filed in the name of the trustee or some other person."

That the holder of the mortgage indebtedness may file a bill in his own name to foreclose a trust deed is well settled. Hahn v. Huber, 83 Ill. 243; Barker v. International Bank, 80 Ill. 96; Winkelman v. Kiser, 27 Ill. 21; Elder v. Jones, 85 Ill. 384.

But it is too late now to raise an objection for the first time as to parties. Conwell v. Watkins, 71 Ill. 488.

GARY, J. August 1, 1885, the appellant, being indebted to the Lindsley Portable House Company in a large sum, agreed for a part of it to give his note for $1,000, payable in three years, with interest at the rate of eight per cent per annum,

payable annually.   In execution of that agreement he made the note payable to his own order and by him endorsed, and a deed of trust in the nature of a mortgage, to secure the payment of the note, and deposited both with the trustee in escrow upon terms not shown.

The company sold the securities, the appellee bought them from their vendee, and by the concurrence of everybody having any interest, they were delivered by the trustee to the appellee.   Then it was for the first time discovered, that while the deed of trust recited a note bearing interest as agreed, the note itself, by mistake, was written with interest after maturity.

The record contains no evidence of any of these matters extrinsic to the note and deed of trust, but the bill avers them, and the decree recites that " the cause having come on to be heard upon the bill of complaint as amended herein, the answer of the defendant, Henry F. Frink, thereto, the replication of the complainant to said answer, and the proofs taken in said cause " finds, " that all the material allegations in the said bill as amended are true as therein stated."   What the proofs were the record does not show.

This recital supplies the place of—perhaps is better for the appellee than—the proofs.   It imposes upon the appellant the burden of preserving the evidence, if he would question its sufficiency to sustain the findings.

The practice has been uniform ever since the statute of 1849 by which, in chancery, evidence orally was first permitted.   White v. Morrison, 11 Ill. 361 ; Cooley v. Scarlett, 38 Ill. 316 ; Mauck v. Mauck, 54 Ill. 281 ; Secrist v. Petty, 109 Ill. 188.   And the last two cases show that the finding in a general form, as above quoted, is enough.

When the appellee, without notice of the mistake, bought the securities, he acquired all the equities of the original creditor.   Union Oil Co. v. Maxwell, 33 Ill. App. 421; Whitney v. Roberts, 22 Ill. 381; Smith v. Wright, 49 Ill. 403. The deed of trust in this case, as in Cheltenham Co. v. Whitehead, 128 Ill. 279, provided that the trustee "in his own name or otherwise " might file a bill, and that case answers

the objections made in this, to the bill being filed by the holder of the indebtedness and to the allowance of solicitors' fees.

The deed provided that the whole debt might be declared due for default in payment of interest. The appellant refusing to correct the mistake, and not paying the interest, the decree of foreclosure, on a bill filed before the three years the note had to run were out, is right.

*Judgment affirmed.*