## Jetta Robinson v. Isaac S. Robinson.

1. DECREES—*Inconsistent with the Bill.*—The findings of a decree must be consistent with the allegations of the bill.

2. DECREES—*Recitals and Evidence.*—Where a decree recites that the "cause was heard upon the bill of complaint, the answer, replication, cross-bill, answer and replication thereto, proofs taken in said cause and testimony of witnesses taken in open court," but no testimony is shown in the record, the findings of the decree can not be disturbed.

**Memorandum.**—Divorce. In the Superior Court of Cook County; the Hon. KIRK HAWES, Judge, presiding. Bill for divorce; answer and replication; cross-bill, answer and replication; decree for complainant; error by defendant. Heard in this court at the March term, 1893, and affirmed in part and reversed in part. Opinion filed July 1, 1893.

The opinion states the case.

ALLAN C. STORY, attorney for plaintiff in error.

JESSE COX and JENS L. CHRISTENSEN, attorneys for defendant in error.

OPINION OF THE COURT, GARY, P. J.

The defendant in error filed a bill for divorce from his wife, the plaintiff in error.

The decree recites that the cause was heard upon the bill of complaint, the answer, replication, cross-bill, answer and replication, "proofs taken in said cause and testimony of witnesses taken in open court."

The record here shows nothing of this "testimony." The decree finds that she willfully deserted and absented herself from him, without any reasonable cause, for the space of two years before the commencement of this suit, as charged in the bill. In the absence from the record here, of the testimony, that finding can not be disturbed. Frink v. Neal, 37 Ill. App. 621.

The decree also finds that he intrusted to her at various times for safe keeping various sums of money, amounting in all to $2,000 belonging to him, which she commingled

with her own money, and with the whole bought some real estate, and improved it, and the decree directs her to pay him that sum and awards execution. It also declares a lien upon the real estate, and provides for a sale of it, in default of payment.

The only allegations of the bill relating to money are that he bought the real estate and paid $4,200 for it, with his own money; that the title was taken in her name in trust for him; and that with his own money he paid for the improvements, between $9,000 and $10,000.

The allegations of the bill are so unlike the finding in the decree, as to the money, that the decree can not stand. Brant v. Hutchinson, 40 Ill. App. 576; Quinn v. McMahan, Ibid. 593; Bremer v. Calumet, etc., Co., 123 Ill. 104.

If the proof sustained the finding in the decree as to the money, it only showed a cause of action in assumpsit for money lent, or had and received, nothing calling for the aid of a court of equity.

So much of the decree as divorces the parties is affirmed; that part awarding to the defendant in error $2,000, to be paid by the plaintiff in error is reversed, but without cost to either party.

Affirmed in part and reversed in part.