## Sam Loven v. Doctor Peter Fahrney & Sons Company.

1. DECREES—*Recitals that the Cause was Heard upon Proofs and Facts Found.*—When a decree recites that the cause was heard upon proofs and the facts are found by the decree, it will be inferred that the facts were found upon the evidence, unless the decree purports to give the evidence or refers to evidence from which it appears that it was insufficient to support the finding.

2. SAME—*Founded upon Oral Evidence Not Preserved in the Record.*—When a decree in chancery shows that oral evidence, which is not preserved in the record, was heard on the hearing and the findings of the court are sufficient to support the decree, it will be presumed that the oral proofs supported the findings.

3. SAME—*Burden of Preserving the Evidence.*—A decree justified by the pleadings and the facts found by the decree, the evidence not having been incorporated in the record to contradict the facts found, will be affirmed. The burden of preserving the evidence is upon him who questions its sufficiency to sustain the decree.

**Memorandum.**—Chancery proceedings. In the Circuit Court of Cook County; the Hon. MURRAY F. TULEY, Judge, presiding. Bill for an injunction; answer, etc.; hearing and decree for injunction; error by the defendant. Heard in this court at the October term, 1894, and affirmed. Opinion filed November 12, 1894.

COLLINS, GOODRICH, DARROW & VINCENT, attorneys for plaintiff in error.

HENRY C. NOYES and I. K. BOYESEN, attorneys for defendant in error.

MR. JUSTICE SHEPARD DELIVERED THE OPINION OF THE COURT.

The complainant in the Circuit Court, who is the defendant in error here, is a manufacturer and vendor of medicines under certain trade names.

The plaintiff in error was at one time in the service of the complainant, and subsequently engaged in the business of making and selling medicines on his own account under certain names similar to those used by the complainant.

The bill was exhibited for an injunction against the plaintiff in error, the defendant below, from advertising or selling the medicines under the names employed by him; from divulging the secrets of complainant's business, from imitating its labels and packages, and, generally, from interfering with complainant's business. From the decree that was entered in complainant's favor this writ of error is prosecuted.

The evidence upon which the decree was based is not preserved in the record brought to this court. The findings of the court are preserved in the decree, and the decree recites that the cause came on to be heard upon the pleadings and proofs taken, consisting of oral and documentary evidence presented in open court. Whether the findings are warranted by the evidence that was heard can not, therefore, be inquired into.

The decree contains a separate finding of the truth of each of the allegations of the bill and concludes with a general finding that all the allegations in the bill contained are true and fully proven. The truth of the findings of fact preserved in the decree can not be attacked in the absence of the evidence that was before the court who heard the cause.

When a decree recites that the cause was heard upon proofs, and the facts are found by the decree, it will be inferred that the facts were found upon the evidence unless the decree purports to give the evidence, or refers to evidence in

the record, from which it appears that it was insufficient to support the findings. Mauck v. Mauck, 54 Ill. 281; Frink v. Neal, 37 Ill. App. 621. Where a decree in chancery shows that oral evidence which is not preserved in the record was heard on the hearing, and the findings of the court are sufficient to support the decree, it will be presumed that the oral proof did support the findings. Rhoades v. Rhoades, 88 Ill. 139. A decree justified by the pleadings and the facts found by the decree, the evidence not having been incorporated in the record to contradict the facts found by the decree, will be affirmed. The burden of preserving the evidence is upon him who would question its sufficiency to sustain the decree. Morgan v. Corlies, 81 Ill. 72; Frink v. Neal, *supra.*

The bill made a clear case for equitable relief, and its allegations having been found fully proven, relief within the scope of the bill was properly given. On the merits there can be no question but that relief by way of injunction to the extent that it was given, was proper. The bill was one purely for injunction. Whether the injunction that was ordered was broader than was warranted by the bill is the main question urged upon our consideration.

The findings of the decree support each allegation of the bill in detail, and the ordering part of the decree follows the findings.

But it is contended that the decree extends to matters that the prayer of the bill does not reach or ask for relief, by way of injunction, against.

The prayer was for injunction against the committing of certain specified acts injurious to the complainant's business, "and from in any way interfering with complainant's business."

The bill alleged the doing by defendant of many acts in fraud of complainant's rights and injurious to the complainant, not specifically mentioned in the prayer, but all of the alleged fraudulent acts were in relation to the business of the complainant, and the general prayer for injunction against in any way interfering with the complainant's busi-

ness was supported by those allegations, and the findings of their truth in the decree.

A decree, therefore, based upon such allegations, and supported by the general prayer, was entirely proper.

The allegations of the bill were supported by the proofs as shown by the findings of the decree, and the prayer being broad enough to cover the allegations, a decree supported by both allegation and proof was such as the complainant was entitled to, and it will be affirmed.