## Edward B. Griswold and Mark L. Day v. Charles W. Brega and Joseph Roster.

1. .DECREES—*Recitals, When Taken Literally.*—Where a decree recites that the court heard the evidence and proofs offered in open court, but there is no certificate of evidence, the general recital in the decree that all the material allegations of the bill are true, is to be taken as literally true.

2. INJUNCTIONS—*Violation of Ordinance.*—Equity will restrain the threatened violation of a municipal ordinance at the suit of private persons, where such violation would work special injury to such persons.

**Memorandum.**—Bill for an injunction. Appeal from a decree of the Circuit Court of Cook County; the Hon. OLIVER H. HORTON, Judge, presiding. Heard in this court at the October term, 1894, and affirmed. Opinion filed February 12, 1895.

APPELLANTS' BRIEF, DUNCAN & GILBERT AND W. H. STEAD, ATTORNEYS.

Although the jurisdiction of equity to prevent, by injunction, the erection or maintenance of nuisances is undoubted, the courts are, nevertheless, inclined to limit its exercise to cases of nuisance *per se*, and not to extend the relief to enjoining structures which are merely prohibited by municipal regulation. And where a village ordinance prohibits the erection of wooden buildings within certain specified limits, imposing a penalty for violation of the ordinance, and also provides that the president and trustees of the village shall cause any person violating the ordinance to be enjoined by a court of competent jurisdiction, an injunction will not be granted to prevent the erection of wooden build-

ings in violation of the ordinance.  High on Injunction, Sec. 748.

A court in chancery has no jurisdiction to restrain the threatened violation of a village ordinance, unless the act threatened to be done, if carried out, would be a nuisance. If it were otherwise, the court might be called upon in all classes of cases to restrain the doing of acts prohibited by statute.  Village of St. Johns v. McFarlan, 33 Mich. 72; Mayor, etc., v. Thorne, 7 Paige, 271; Atty. Genl. v. Utica Ins. Co., 2 Johns. Ch. 370.

APPELLEES' BRIEF, JULIUS ROSENTHAL AND LESSING ROSENTHAL, ATTORNEYS.

Equity will restrain the threatened violation of a municipal ordinance, where such ordinance confers a special right upon a class of individuals, and an infraction of such right is threatened which can not be adequately compensated at law.  Roberts v. Easton, 19 Ohio St. 78; Hayes v. Jones, 27 Ohio St. 218; Bez v. C., R. I. & P. Ry. Co., 23 Ill. App. 137; Hickey v. C. & W. I. R. R. Co., 6 Ill. App. 172, 185.

MR. JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

The case shows that the appellants proposed to remove the New Jersey State building, erected in Jackson Park at the time of the World's Fair, to a block where Roster has a fine brick and stone apartment house, and nearly opposite on the street to property of Brega; that the building is a large, cheap two story frame structure; that when it was erected, Jackson Park was not within the fire limits of Chicago, and the place to which the appellants propose to remove the building, as well as the premises of the appellees, were within such fire limits; that an ordinance of the city requires that "Any person desiring to remove a wooden building, shall first obtain the written assent to such removal, from persons owning a majority of feet front of the lots in the same block in which it is proposed to locate such removed building, and also a majority of persons owning front feet opposite the proposed location and within 150 feet of the same."

The decree recites that the court heard the evidence and

proofs offered in open court, but there is no certificate of evidence, and the general recital in the decree that all the material allegations of the bill are true, is, therefore, to be taken literally. Frink v. Neal, 37 Ill. App. 621.

The bill charges and the decree finds that such assent, though once obtained, was so obtained by misrepresentation, and was, in part, revoked. It is not necessary to go into particulars as to such assent, the brief of the appellants not relying upon it. The bill charges and the decree finds that the building, if so removed, would expose Roster's house to more danger from fire, and make the property of both the appellees less marketable and salable.

There is much more in the bill and in the decree, but these are the matters special to the appellees. The court awarded a perpetual injunction against the removal.

First National Bank v. Sarlls, 129 Ind. 201, and Kaufman v. Stein, 37 N. E. Rep. 333, are authorities for such an injunction, not simply because an ordinance is violated, but because, endangering the house of Roster and impairing the value of the property of both the appellees by an act which is unlawful by ordinance, the fact that it is unlawful changes into a nuisance, what, otherwise, would not be a nuisance, and this is in accord with the *rationale* of the decision in King v. Davenport, 98 Ill. 305. The decree is affirmed.

WATERMAN, J., dissents.