## John McAuliff v. John Reuter.

1. PROMISSORY NOTES—*Payable to the Maker's Order.*—The title to a note drawn payable to the order of the maker, and indorsed and delivered by him, passes by delivery.

2. FORECLOSURE—*What is not a Defense.*—A person, for a loan, made his note payable three years after date to his own order, and indorsed and delivered it, with a trust deed to secure the same, to a party named as trustee, who was also a banker; shortly afterward the trustee sold the note, but the maker paid to him sums of money at different times, trusting to him to apply them on the note at maturity, which was not done, and when the note matured the banker had failed. *It was held* that he had no recourse upon the owner of the note, and trust deed.

Foreclosure.—Trust deed. Appeal from Superior Court of Cook County; the Hon. JOHN BARTON PAYNE, Judge, presiding. Heard in this court at the October term, 1895. Affirmed. Opinion filed December 2, 1895.

RUDOLPH D. HUSZAGH, attorney for appellant.

ALBERT H. MEADS, attorney for appellee.

MR. PRESIDING JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

July 9, 1890, the appellant, for a loan of money, made his promissory note, payable three years thereafter to his own order, and indorsed and delivered it, with a trust deed to secure the same, executed by himself and wife, to Conrad L. Niehoff, who was named in the deed as trustee, and who was a banker.

July 24, 1890, the appellee bought the note of Niehoff. Thereafter the appellant, during the years 1890-1-2, paid to Niehoff, in a savings bank account drawing interest at four per cent, sums of money aggregating $900, undoubtedly believing that they would be applied as payments on the note at maturity, but taking no precautions that they should be applied.

The appellant is without education, and confided in Niehoff, who has failed.

In legal effect the note made by the appellant to his own order, and by him indorsed in blank, was payable to the holder (Hall v. Burton, 29 Ill. 321), and so there was no variance from the fact in alleging in the bill to foreclose that the indebtedness was to the appellee; but in alleging that the appellant and his wife made the note, which was made only by the appellant, there was variance.

Had that variance been specifically pointed out in the objections before the master or exceptions before the court, the bill would doubtless have been amended at once. No such objections having been specifically made, and the variance being of no consequence as to the result, it must now be disregarded. There is no variance between the bill and the decree as in Robinson v. Robinson, 50 Ill. App. 414, and cases there cited.

There is no help for the appellant. He trusted his money to Niehoff in a savings account, under the promise by Niehoff—implied, if not expressed—that when the note was due the deposits should be applied toward the satisfaction of the note, but that raises no equity against the appellee, and the decree must be affirmed.