ROSETTA M. AXTELL et al.

v.

EDWARD F. PULSIFER et al.

*Filed at Ottawa January 15, 1895.*

| 155 | 141 |
| 164 | 633 |

| 155 | 141 |
| 170 | 376 |
| 71a | 332 |

| 155 | 141 |
| 188 | 4297 |

| 155 | 141 |
| f189 | 316 |

| 155 | 141 |
| 94a | 4585 |

| 155 | 141 |
| 102a ³ | 30 |

1. PLEADING—*proper mode of defense to a bill of review.* A demurrer, and not an answer, is the proper mode of defense to a bill for a review of a decree for an error apparent on its face, where the decree sought to be impeached and the proceedings in the case are fully and fairly stated in the bill.

2. SAME—*what will amount to an allegation of mistake.* Allegations in a bill of review that various orders in the former action of which complaint is made were entered and the proceedings taken while a demurrer was pending, are equivalent to allegations of mistake in rendering the decree, although the bill does not use the word "mistake."

3. PRACTICE—*reference or default without notice, pending a demurrer.* A complainant in a bill to which a demurrer not disposed of has been filed, is not entitled, without notice to the party filing the demurrer, to have a reference of the cause, or to file an amended bill and take default thereon, under a rule of the court requiring two days' notice to be given of hearing of motions.

4. DECREES—*when certificate of evidence is not required.* A decree on a bill of review vacating the decree entered in the former suit is not invalid because a certificate of evidence has not been inserted in the record showing the facts upon which the right of relief rests, where such facts are specifically found by the decree.

WRIT OF ERROR to the Circuit Court of Cook county; the Hon. OLIVER H. HORTON, Judge, presiding.

This is a bill filed in the circuit court of Cook county on February 29, 1888, by Edward F. Pulsifer, Mary E. Pulsifer and William N. Thompson, the defendants in error, against Rosetta M. Axtell, Rosalin W. Howarth and Charles O. Axtell, the plaintiffs in error, for the purpose of setting aside a decree rendered in a certain cause in said court wherein the plaintiffs in error filed original and amended bills against the defendants in error, and for permission to file answers to said original and amended bills. The present bill, which seems to be a bill in the

nature of a bill of review impeaching the decree sought
to be set aside for fraud, or for failure to give proper
notice of the proceedings resulting in said decree, pur-
ports to set out the substance of the pleadings, orders
and decrees in the former suit. It alleges that the de-
fendants, the Axtells and Howarth, on July 10, 1884, filed
an original bill against the complainants, the Pulsifers
and Thompson, and in said original bill set forth sub-
stantially as follows : That on April 27, 1878, one Osmyn
P. Axtell, the husband of said Rosetta and the father
of said Rosalin and Charles, being the owner of three
hundred and eighty acres of land in Cook county, was
not of sound mind, and was, by reason of impairment of
his mental powers, incapable of attending to business so
as to protect his rights; that on that day said Thompson,
knowing the incapacity of said Osmyn, induced him, for
no consideration, and by fraud, intimidation and mis-
representation, to execute a deed of said lands to said
Thompson, in which said Rosetta was induced to join
by the statement that it was made for a good considera-
tion; that said Osmyn died testate on February 7, 1884;
that his said wife and children hold under his will; that
on March 8, 1884, Thompson conveyed the land to said
Mary E. Pulsifer, who on the same day conveyed it to
Edward F. Pulsifer; that the Pulsifers had notice of
Thompson's fraud, and the deeds to them were without
consideration and made as mere covers; that the prayer
of said original bill was for a decree setting aside said
deeds and declaring said wife and children the owners
of said land.

The present bill then proceeds to allege that com-
plainants were served with process in the cause begun
by the filing of said original bill, and filed a written
appearance therein, and also filed a demurrer· to said
original bill on August 4, 1884; that no action was taken
in said cause until June 23, 1886, when it was dismissed
for want of prosecution; that the cause was re-instated

on July 3, 1886, without notice to the defendants therein, who are the complainants here; that on August 19, 1886, the complainants in said cause, who are the defendants here, took a default therein while said demurrer was pending and undisposed of, without notice to the defendants therein, and had the cause referred to Waite, one of the masters in chancery of said court; that on September 14, 1886, said reference was set aside on motion of the complainants therein, and another reference taken to Voss, another one of the masters of said court; that for the purpose of defrauding the defendants therein, and depriving them of the opportunity of defending themselves against false charges, the complainants therein prepared an amended bill, containing new matter and new charges of fraud, and tendering new and different issues from those in said original bill, and on January 5, 1887, for the purpose of getting said amended bill surreptitiously filed, procured the default theretofore entered on the original bill and the order of reference to Voss to be set aside, and, by deceiving the court and concealing the nature of said amendment, obtained leave on said January 5, without notice to the defendants therein, to file said amended bill against said Pulsifers and said Thompson; that said setting aside of the default and filing of the amended bill and reference were made without notice, whilst a rule of court, existing as a rule of court in the county of Cook, was in full force and binding, as follows: "Motions of course shall be heard at opening of court. All others must be in writing, and when based on matters of fact not in record, then facts must be presented by affidavit. Two days' notice of hearing of motions, etc., must be given and copies of affidavits served."

The present bill then sets up that said amended bill alleged substantially as follows: That on December 14, 1871, and until April 27, 1878, said Osmyn P. Axtell owned four hundred acres of land in said county, being the same

three hundred and eighty acres described in the original bill and twenty additional acres; that said Osmyn, being a stockholder in the Globe Insurance Company of Chicago, as an accommodation to it and without valuable consideration, executed to it his note for $10,000, payable in five years, and also executed to said company, to secure said note, a mortgage upon lands in Cook county, including a portion of said four hundred acres, his wife joining therein; that on January 1, 1874, he paid the interest upon said note up to that date as an accommodation to said company, which payment was credited upon the note; that in March, 1874, he settled with said company and took up said note and was discharged therefrom by the company, but left it in the hands of officers of said company, having confidence in their integrity; that in 1875 said Edward F. Pulsifer, being president of said company, got possession of said note, and procured it fraudulently to be assigned in blank to himself by S. P. Walkie, the secretary of the company, and for the purpose of defrauding the said Osmyn caused said assignment, made in blank upon the back of said note, to be delivered to said Thompson, his son-in-law, so as to make it appear that said note and mortgage were held by a *bona fide* purchaser; that said Thompson paid nothing for said note and mortgage, but held them for said Pulsifer, said Osmyn all the time having implicit faith in said company, said Pulsifer as president, said Thompson and one George K. Clark, following their advice; that neither said company, nor said Pulsifer, nor said Thompson, ever paid anything for said note; that under the advice of said Pulsifer and Clark, said Osmyn, on June 19, 1877, executed a trust deed to one Frank Scales upon said realty, to secure a note of that date for $13,860, in lieu of said note and mortgage dated December 14, 1871; that said Pulsifer falsely represented to said Osmyn that Thompson had paid full value for said note and mortgage of December, 1871, and that unless Osmyn executed the

new note and trust deed of June, 1877, in lieu of the old ones, judgment would be entered against him and he would be deprived of his property; that said Pulsifer professed to act as the friend and adviser of said Osmyn, and to have no interest in said note and mortgage; that his said representations were false and his advice was given for his own benefit; that said Pulsifer violated his trust; that afterwards said Pulsifer and Clark advised said Osmyn to convey said premises to said Thompson in payment of said note of $13,860, knowing the property to be worth $40,000, and, relying upon their continued advice and solicitations, and of his wife, said Osmyn, on April 27, 1878, conveyed said property to said Thompson, receiving no other consideration than the surrender of said note and trust deed of June 19, 1877; that said notes and mortgage and trust deed and conveyance were all without consideration, and procured by fraud, and held by Thompson in trust for said Pulsifer; that there was a mutual mistake in calculating interest on the first note; that immediately after the deed of April 28, 1878, Thompson made a deed of the premises to Mary E. Pulsifer, and she conveyed them, by quit-claim deed, to said Edward F., which two last named deeds were kept from the records until after the death of said Osmyn; that said orators in the amended bill were not acquainted with the falsity of said representations until about a month before filing said original bill, in 1884; that said Pulsifers and Thompson refuse to convey back said premises or to deliver possession of the same; that said amended bill prayed for a cancellation of said deeds and a surrender of the possession.

The present bill then proceeds to aver, that on January 5, 1887, immediately after filing said amended bill, the complainants therein obtained a rule on the defendants therein to answer the same instanter, and at the same time procure a default and decree *pro confesso*, and a reference back to said Voss to take evidence as to the

allegations in the original and amended bills; that the said orders, defaults and the leave to file said amended bill were fraudulently procured, without notice to said defendants, and in violation of a rule of court requiring two days' notice in writing of all motions; that on March 28, 1887, the complainants herein procured an order, without notice to the defendants, allowing the master to report his findings upon any evidence taken by him *nunc pro tunc* as of August 19, 1886; that said report was based upon *ex parte* evidence, and much of which was hearsay; that on June 14, 1887, said complainants herein procured an order confirming said report, knowing that defendants herein had never had any notice of the contents of said amended bill or any opportunity of answering it, and fraudulently concealing said facts from the court; that on the same day, the court, relying upon the honor of the solicitors and without examining the records and pleadings, entered a decree setting aside said notes and mortgage and trust deed, which were charged to be fraudulent in the amended bill but had not been mentioned in the original bill.

The present bill proceeds further to allege that said decree entered on June 14, 1887, also found as follows: That default had been entered on the original bill on August 19, 1886, (although said default had been set aside on January 5, 1887); that the allegations of the amended bill were true; that complainants were owners of three hundred and forty acres of said four hundred acres,—the said Rosetta of a life estate, and the said Rosalin and Charles of the remainder, subject to said life estate; that said deed of April 28, 1878, be set aside; that said Rosetta had the right to prosecute suit to establish her title to the forty acres; that parties in possession surrendered possession to complainants; that defendants herein pay the costs and execution issue therefor. It is furthermore alleged that the solicitor of the defendants in said suit relied upon the rules and practice of the

court that no proceedings would be taken in the cause
until notice should be served upon him to dispose of the
demurrer filed on August 4, 1884, to the original bill, but
that all the orders and entries therein were taken upon
motion of the complainants, without notice to said solic-
itor, and that defendants had no knowledge that said
decree had been entered against them until a copy thereof
was served upon said Edward F. Pulsifer on October 19,
1887, after the term at which it was rendered had passed;
that the allegations in said original and amended bills
are untrue ; that the defendants thereto have a good de-
fense to said bills and to the charges of fraud therein ;
that they deny that said Pulsifer was president of said
company, or that there was a settlement between said
company and said Osmyn P. Axtell.  The prayer of the
present bill is that said decree be set aside and that
orators be allowed to answer said bills.

The defendants herein, the Axtells and Howarth, filed
an answer, admitting that they filed their original bill
in said court on July 10, 1884, but denying that said bill,
or the substance of it, is correctly stated in the present
bill, and calling for strict proof of its contents ; the
answer admits that defendants therein were served and
entered their appearance, but denies that they ever filed
a demurrer or exception, or pleaded or answered either
to the original or amended bill, and charges that they
abandoned said suit and any defense they may have had
thereto ; admits the dismissal of the cause on June 23,
1886, for want of prosecution, and its re-instatement on
July 3, 1886 ; admits the default on August 19, 1886, but
denies that at that time any demurrer or other pleading
by the defendants therein was pending and undisposed
of ; denies any fraud in entering said default or any other
order ; admits the reference to Waite, and the setting
aside of it and a new reference to Voss; admits the filing
of the amended bill on January 5, 1887, the setting aside
of the reference, the rule to answer instanter, the default

and reference on the amended bill, and that the latter bill contained additional allegations to those in the original bill, but claims that it sought substantially the same relief; denies that the complainants have set out the substance of the amended bill, and demands proof of its contents; denies any fraud or deceit in filing the amended bill or taking default thereon; admits the report by the master and confirmation of the same, but denies all fraud; charges negligence, and that all proceedings were in open court; admits that a final decree was entered on June 14, 1887, and that it was in some respects similar to that described in the bill, but denies that the summary of it is accurate or that the substance of it is correctly set out, and demands full proof of its contents; admits that a copy of said decree was served on said Pulsifer on October 19, 1887; says that the allegations in said original and amended bills are true, and there is no defense to them; "that said Pulsifer was president of said Globe Insurance Company, as charged;" that there was a settlement between said company and said Osmyn P. Axtell, as charged in the amended bill; denies all fraud and deceit; that said court decreed that the defendants therein had wholly failed to demur to said amended bill, etc. Replication was filed to this answer.

The court below entered a decree in accordance with the prayer of the bill, setting aside said decree of June 14, 1887, and granting the complainants herein the right to plead, answer or demur to said original and amended bills, which decree the present writ of error seeks to review.

W. B. Wilson, for plaintiffs in error:

To sustain a decree the party in whose favor it is rendered must preserve the evidence in the record, or the decree must affirmatively find "specific facts" sufficient to justify the decree. *Marvin* v. *Collins*, 98 Ill. 517.

Upon a bill of review the sufficiency of the evidence to establish the facts as found cannot be controverted. *Turner* v. *Berry*, 3 Gilm. 544.

In regard to errors of law apparent on the face of the decree, the established doctrine is that you cannot look into the evidence in the case in order to show the decree to be "erroneous" in its statement of facts. That is the proper office of the court, on an appeal. *Evans* v. *Clement*, 14 Ill. 210.

The party seeking to sustain the decree must preserve the evidence, or the decree must find all the specific facts to sustain it. *Marvin* v. *Collins*, 98 Ill. 517.

A bill of review containing a bare allegation of mistake, without any account of how it was made or in what it consisted, can not be sustained. *Hendrix* v. *Clay*, 2 A. K. Marsh. 462.

RICHOLSON & MATSON, for defendants in error :

The bill filed in this case is not strictly a bill of review, but it is an original bill in the nature of a bill of review. This court has repeatedly recognized this distinction, and held such a bill good. *Dolton* v. *Erb*, 53 Ill. 289 ; *Boyden* v. *Reed*, 55 id. 458, and other cases.

As to whether a bill of review, or a bill in the nature of a bill of review, can reach and remedy error apparent upon the face of the record, see *Conover* v. *Musgrave*, 68 Ill. 58 ; *Dolton* v. *Erb*, 53 id. 289 ; *Boyden* v. *Reed*, 55 id. 458.

In such cases the court will not look at the evidence, but only at the bill, answer and decree, to see if error is committed. *Getzler* v. *Saroni*, 18 Ill. 511.

The bill, answer and decree are all a part of the decree in America, though a different practice prevails in England. *Turner* v. *Berry*, 3 Gilm. 541; *Lloyd* v. *Malone*, 23 Ill. 43.

In considering a decree on a bill of review, all the pleadings will also be considered as a part of the decree. *Ebert* v. *Gerding*, 116 Ill. 216.

Per CURIAM: If the bill in this case should be regarded as a bill of review for error apparent upon the face of · the record, it can not be said that the pleadings of either party conform strictly to the rules applicable to such a proceeding. The bill states the substance of the bills, proceedings and decree sought to be reviewed, but does not make copies thereof exhibits to the bill. (*Griggs* v. *Gear*, 3 Gilm. 2; id. 541.) When the court is asked to determine whether error is apparent upon the face of the decree, there should be brought before it for inspection the record of the proceedings of the suit in which the error is alleged to exist. In bills of review for errors apparent on the face of the decree, the decree is understood to include not only the final judgment of the court, but the pleadings also. (*Ebert* v. *Gerding*, 116 Ill. 216.) Hence a bill of review of this character should set out a complete copy of the bill, answer and decree to be reviewed, or, when it states their substance only, it should make such copy an exhibit. *Judson* v. *Stephens,* 75 Ill. 255; *Goodrich* v. *Thompson,* 88 id. 206.

The answer in this case denies that the bill sets out accurately the substance of the pleadings and decree in the suit sought to be reviewed. Where a bill of review is for error apparent upon the face of a decree, an answer is not the proper mode of defense. Such a bill must state not only the former bill and the proceedings thereon, and the decree, but it must also state the point in which the party exhibiting the bill of review conceives himself aggrieved by the decree, and the ground of law upon which he seeks to impeach it. (*Bruschke* v. *Nord Chicago Schuetzen Verein,* 145 Ill. 433; Story's Eq. Pl. 420.) Hence, where the bill of review states fully and fairly the decree sought to be reviewed, a demurrer is the proper defense, because that amounts to an assertion that there is no error in the decree; but if the bill of review does not fairly state the decree sought to be reviewed, the proper defense is a plea of the former decree in bar of the suit

and a demurrer to the vacation of the decree. "Ordinarily there is no answer to such a bill of review except *in nullo erratum est." Enochs* v. *Harrelson,* 57 Miss. 465; *Webb* v. *Pell,* 3 Paige's Ch. 368; 2 Barb. Ch. Pr. 98; Story's Eq. Pl. secs. 634, 833; Puterbaugh's Pl. and Pr. 262.

But the main ground upon which the present bill seeks relief is, that the complainants, who were defendants in the former suit, did not have proper notice of the proceedings which resulted in the decree against them. They charge that they filed a general demurrer on August 4, 1884, to the original bill which was filed against them on July 10, 1884, and that said demurrer was never argued or disposed of, and that they had a right to rely upon notice to call up said demurrer and dispose of it before any further steps would be taken in the cause. A rule of court in existence requiring that two days' notice for hearing of motions must be given, when adopted as a rule of court, has, with reference to practice in that court, all the binding effect of a statute. The motion to set aside the order dismissing the bill for want of prosecution, the motion setting aside the default, the motion for order of reference and setting aside of same, and for leave to file an amended bill, were all motions which required notice to be given to the opposite party. Under the practice in this State, on a demurrer being filed to a bill in chancery, either the party filing the demurrer, or the complainant, may have the same disposed of, and under the rule in force in the circuit court of Cook county, notice must be given that the demurrer will be called up for argument, and if this is desired to be done, either party may be justified in waiting until such notice is given; and if the demurrer was filed as alleged by complainants in this bill, the complainants in the original bill had no right to have a reference, or file an amended bill and take a default thereon, without notice to the party who filed the demurrer to the original bill, under such rule of court.

We do not understand that the defendants here dispute the correctness of this proposition, nor is it contended that the defendants in the former suit had any notice of any of the orders or other proceedings in said cause after August 4, 1884. The defendants deny that a demurrer was filed to the original bill at any time. The whole controversy, then, narrows itself down to the question of fact, was a demurrer filed?

Whether the files of the original cause show a demurrer on file when the present bill to set aside the decree was filed, or whether the proof showed that a demurrer had been filed and subsequently mislaid or lost, we are not advised by anything in this record. We are unable to say what the testimony was, as the record contains no certificate of evidence. It is not the duty of the party against whom the decree is rendered to preserve the evidence. On the contrary, it devolves upon the party in whose favor the decree is rendered, to preserve the evidence that will sustain the decree, or the decree itself must find that facts were proven which will sustain it. (*Marvin* v. *Collins*, 98 Ill. 510; *Hughs* v. *Washington*, 65 id. 245.) Although the defendants in error have omitted to obtain from the court and insert in the record a certificate of evidence, yet the decree finds that the former decree, entered on June 14, 1887, against the complainants herein, was erroneous and procured by mistake, and without giving the defendants therein, or either of them, an opportunity of being heard in their defense, and by depriving them of a day in court, and it also finds that a demurrer to the original bill was filed on August 4, 1884. We think that these findings bring the case within the rule laid down in *Marvin* v. *Collins*, *supra*, that where the evidence is not preserved "the decree must find specific facts that were proved on the hearing," especially when the findings here are considered in the light of the admissions contained in the answer.

The answer admits that the complainants in the orig-
inal bill in the former suit took no default for more than
two years after the defendants therein entered their ap-
pearance, and that more than a month before said default
was finally taken the suit had been dismissed for want
of prosecution, although it was subsequently reinstated
upon the application of the complainants therein.    If no
demurrer had been filed it is difficult to understand why
the parties interested in the prosecution of the suit
should have been guilty of such delay in taking the de-
fault, to which, in the absence of a demurrer or pleading
on the part of the defense, they had been rightfully
entitled for so long a time.    The decree entered in the
present suit does not finally determine the rights of any
of the parties upon the merits of the controversy, but
merely vacates the decree entered in the former suit,
and grants to the defendants therein the right to plead,
answer or demur to the original and amended bills there-
in, leaving the right of the matter to be passed upon
hereinafter upon a full hearing.

Before the rendition of the final decree herein a writ-
ten stipulation was entered into between the parties,
wherein it was agreed that the complainants might
amend their bill by inserting therein the word "mistake,"
so that where fraud is charged the language should
charge "fraud or mistake," and that the answer of the
defendants might stand as a full answer to the bill as
thus amended.    It is said that no order of court was en-
tered allowing the amendment, and that there is nothing
to show that the amendment was actually made.    It is
therefore urged that the finding of the present decree,
that the former decree was procured by mistake, is not
supported by a corresponding allegation of mistake in
the bill.    We think, however, that even though the bill,
independently of the stipulation, may not have used the
word "mistake," its allegations that the various orders
were entered and the various proceedings were taken

while an undisposed of demurrer was on file, amount to allegations of mistake. The court made a mistake in entering the orders and rendering the decree because its attention was not called to the fact that the demurrer was on file, and if the parties who obtained the orders and decree were not guilty of actual fraud and deceit in concealing the existence of the demurrer, they made a mistake in taking the various proceedings already referred to while the demurrer was on file, without first disposing of it.

The decree of the circuit court is affirmed.

*Decree affirmed.*