## Granville Wheelberger et al. v. C. H. Knights et al.

1. DECREES—*Evidence to Support Must be Preserved, or the Necessary Facts Must Be Recited.*—It devolves upon a party in whose favor a decree is rendered, to see that the evidence in the case is preserved, or the decree itself must find that specific facts were proven which will sustain it.

2. SAME—*When Final.*—A decree is final which disposes of the whole merits of the case, and the mere fact that some things remain to be done, does not make it interlocutory.

Bill, to determine the title to a fund. Error to the Circuit Court of Fulton County; the Hon. JEFFERSON ORR, Judge, presiding. Heard in this court at the May term, 1897. Reversed and remanded. Opinion filed September 13, 1897.

DANIEL ABBOTT and JOHN A. GRAY, attorneys for plaintiffs in error.

" It is not the duty of the party against whom the decree is rendered to preserve the evidence. On the contrary, it devolves upon the party in whose favor the decree is rendered to preserve the evidence that will sustain the decree, or the decree itself must find that facts were proven which

will sustain it." Axtell v. Pulsifer, 155 Ill. 141; Jackson et al. v. Sackett et al., 146 Ill. 655; First National Bank v. Baker, 161 Ill. 283.

"In chancery cases, unlike a case at law, the rule is that the party who asks relief and obtains it must preserve in the decree or otherwise in the record, evidence of facts found sufficient to support the decree, otherwise the decree will be reversed in the Appellate Court." Alexander v. Alexander, 45 Ill. App. 213; Brechon v. Duis, 39 Ill. App. 259; Wistar v. Herting et al., 27 Ill. App. 443; Gage v. Eggleston, 26 Ill. App. 599.

CLARK VARNUM, attorney for defendants in error.

The true test as to whether a decree is a final decree from which an appeal will lie or writ of error may be sued out, or merely interlocutory, from which an appeal will not lie, is whether something still remains to be done by the court. Hill's Ex'rs v. Fox's Adm'rs, 10 Leigh. 587; Hays v. May's Heirs, 1 J. J. Marsh, 497; Cocke's Adm'rs v. Gilpin, 1 Rob. (Va.) 20; Beebe v. Russell, 19 How. (U. S.) 285; Turner v. Plowden, 5 G. & J. 52; Ware v. Richardson, 3 Md. 505; Perkins v. Sierra, etc., Co., 10 Nev. 405.

MR. JUSTICE GLENN DELIVERED THE OPINION OF THE COURT.

This case is brought to this court by Charles H. Martin and John A. Gray by writ of error to the Circuit Court of Fulton County to reverse a decree entered in the case against them.

The error complained of is, there is no evidence in the record or the findings by the court of facts from the evidence upon which the decree can be sustained, so far as it applies to the plaintiffs in error, Charles H. Martin and John A. Gray.

There is no certificate of evidence or depositions on file in the case. The only recitals in the record with reference to the hearing is that entered on the 18th day of December, 1895, which was, "and now this day this cause comes on for hearing on the bill, answer and replication filed herein," and the recital in the decree that " this cause which had hereto-

fore, to wit, at the December term, 1895, of said court been tried and submitted to the court, came on before the court for final decree.  It does not appear from either of these recitals, that any evidence was heard or introduced, oral or documentary, upon the hearing.  Hence, to sustain the decree, the decree must find specific facts that were proved on the hearing.  Marvin v. Collins, 98 Ill. 510.  It devolves upon the party in whose favor the decree is rendered to preserve evidence that will sustain the decree, or the decree itself must find that facts were proven which will sustain it.  Axtell v. Pulsifer, 155 Ill. 141; Jackson et al. v. Sackett et al., 146 Ill. 655.  It is not necessary that the evidence should be set out in the decree, the facts established by the evidence is all that is required.  Allen v. LeMoyne et al., 102 Ill. 25.  There is not a single fact in the findings in the decree that it appears was founded on the evidence introduced on the hearing.  In fact it does not appear that any evidence was introduced or heard on the hearing. ' The recitals in the decree must show they are based on the evidence. This the decree in this case fails to do.

The next error complained of is that by the decree, judgment was entered in favor of defendants in error and against the plaintiffs in error, John A. Gray and Charles H. Martin, for the sum of $554.05, in case Levi Donnelly failed to pay that sum to defendants in error.

It nowhere in the record in this case appears how or for what these plaintiffs in error were or became indebted to defendants in error, or that they had any funds that belonged to them, or that they were in any way interested. There is no evidence to sustain the decree in this regard.

It is suggested by defendants in error without assigning cross-errors, that the decree entered in this case is not a final decree, and that an appeal or writ of error will not lie.  This position is not well taken.  A decree is final which disposes of the whole merits of the cause.  The mere fact that there are some things remaining to be done, does not make the decree interlocutory.  It is yet to be enforced.  It is only in this regard that it remains open.  The decree entered in the court below is reversed and the cause remanded.