(No. 11539.—Appeal dismissed.)
Edmond C. Nitsche *et al.* Appellants, *vs.* The City of Chicago, Appellee.

*Opinion filed October 23, 1917.*

1. Practice—*party seeking to have default set aside must show due diligence.* Motions to set aside a default and for leave to plead are addressed to the sound discretion of the court, and the party making the motions must show not only that he has a meritorious defense but also that he has acted with due diligence to protect his rights, and the negligence of an attorney in such case will be imputed to the client.

2. Same—*when no appeal can be taken from an order of court refusing to set aside judgment by default.* Where a judgment rendered by default is one from which no appeal would lie if a similar judgment were rendered on the merits at the conclusion of a hearing, no appeal can be taken from an order of the court refusing to vacate and set aside such judgment by default and allow the objector to plead.

3. Special assessments—*no appeal is allowed from judgment under section 84 of Local Improvement act.* Under section 84 of the Local Improvement act the judgment of the county court is final and conclusive as to all questions of fact which can be presented at the hearing of objections to the certificate of acceptance of the improvement by the board of local improvements, and the finding of the county court cannot be reviewed by the Supreme Court by appeal or writ of error.

Appeal from the County Court of Cook county; the Hon. John H. Williams, Judge, presiding.

ANDREW ROST, JR., and JOHN A. IRRMANN, for appellants.

HARRY F. ATWOOD, and ALBERT L. GREEN, (SAMUEL A. ETTELSON, Corporation Counsel, and GEORGE A. MASON, of counsel,) for appellee.

Mr. JUSTICE CRAIG delivered the opinion of the court:

December 16, 1916, the board of local improvements of the city of Chicago filed in the county court of Cook county its certificate of completion of a local improvement on North Springfield avenue from Fullerton avenue to Palmer street, in that city, and the court fixed upon January 8, 1917, as the day for final hearing on the application for its approval. Due notice was given, as required by law, of the time and place of such hearing, and no objections being filed the court entered an order on said January 8 finding the facts stated in the certificate were true, that the improvement conformed substantially with the requirements of the original ordinance and ordered that the certificate be approved. Thereafter, on January 29, 1917, the same being one of the days of the January term of said court, appellants, Edmond C. Nitsche, Benjamin A. Hebel, George A. Crombie, Jr., and Albert J. Speh, made a motion to vacate the prior order approving the certificate and for leave to file objections to the approval of such certificate. This motion was denied and again renewed by appellants, and a further hearing on the same was continued to the February term. When the motion came on for hearing appellants offered in support of their motion the affidavits of A. J. Speh, A. Licht, Paul Meister and William Olson, and certain resolutions of the city council of the city of Chicago directing its corporation counsel to consent to the allowance of the motion. The motion was resisted by counsel for the board of local improvements and also for the city and was again denied by the court. This appeal followed.

The substance of the affidavit of Speh is that he is a moulder by trade and an owner of property assessed for the improvement; that he has no knowledge of special assessment matters; that he was informed by counsel for the Mozart Improvement Association, of which he is a member, that objections were filed to the application for confirmation of the certificate of completion and that such objections were not due until January 29, 1917; that he had no knowledge that the assessment was spread in two separate assessments, and that as to only one block, known as special assessment No. 40363, objections were filed. He further stated that he had seen the contract, plans and specifications for the work and that the improvement as constructed is not in compliance therewith; that the foundation is lacking in cement and that the cement used is of an inferior grade; that the stone and cement had not bound together but that the cement would separate from the stone and crumble in one's hands like powder; that after the sub-base had been laid two weeks he was able to loosen the foundation with his foot; that during the progress of the work repeated complaints were made to the contractors and to the board of local improvements of the way the work was being done; that they visited the work and were shown the defects but they were not remedied, and that the board of local improvements, with full knowledge of the same, approved of the work. The affidavits of Licht, Meister and Olson were substantially the same as that of Speh as regards the character of the work done on the improvement. No affidavits were filed by any of the other appellants or any attempt made by them to excuse their omission to file objections within the time allowed by law.

The rule is well established in this State that motions of this character to set aside a default and for leave to plead are addressed to the sound discretion of the court and will not be reviewed except in case of abuse of such discretion; also that a party seeking to have a default set

aside must show that he acted with due diligence to protect his rights and that he has a meritorious defense. (*Hartford Life Ins. Co.* v. *Rossiter,* 196 Ill. 277; *Citizens' Savings Bank and Trust Co.* v. *City of Chicago,* 215 id. 174.) A showing of meritorious defense, alone, is not sufficient. (*Barrett* v. *Queen City Cycle Co.* 179 Ill. 68.) The negligence of an attorney employed in the matter will be imputed to the client. (*Mendell* v. *Kimball,* 85 Ill. 582; *Walsh* v. *Walsh,* 114 id. 655; *Barrett* v. *Queen City Cycle Co. supra.*) Speh in his affidavit does not state that he ever took any step himself in the matter of employing counsel to file objections for him until after the time to file objections had expired, or show that he made any effort to have his objections on file in the time fixed by the court. The only showing in this respect is that he was informed by some attorney whose name is not stated, and who was the attorney for the Mozart Improvement Association, of which he was a member, that objections had been filed and that they were not due until January 29. He does not state that he employed this attorney, or any other attorney, to appear and file objections for him, nor state the time when this conversation occurred, and no affidavit has been filed by any attorney representing him tending in any way to explain or excuse the failure to file objections within the time fixed by the court. No showing of diligence whatever has been made by any of the other appellants. It is admitted that due notice was given of the time and place of such hearing and that appellants had full notice of the same. In this condition of the record we think appellants have wholly failed to show that they have exercised that degree of diligence required by law to file objections within the time fixed by the order of the court, and that there was, therefore, no abuse of the discretion vested in the court in refusing to vacate the previous order entered by it.

As to the resolutions adopted by the city council of the city of Chicago, such action was a mere direction by that

body to the corporation counsel of the city to appear in court and consent to the entering of an order vacating and setting aside the order approving the final certificate and allowing further time to appellants to file objections. It was not, as counsel for appellants argue, a stipulation of the parties that the previous order should be vacated and set aside and they be allowed to plead, and, as such, binding on the court. At most it is but a direction of the legislative body of the city to one of its officers as to the manner in which he should act in this proceeding. It presents no matter for the court to act upon and has no place in this record. The corporation counsel of the city did not deem himself bound by the resolutions and refused to act in accordance with them and appeared in court on the hearing and resisted the allowance of the motion. They therefore afforded no ground upon which the court could act in the premises.

In this connection it is further to be observed that section 84 of the Local Improvement act (Hurd's Stat. 1916, p. 487,) provides that upon the filing by the board of local improvements of a certificate of acceptance of the work the court shall fix a time and place for a hearing on said certificate, which shall not be less than fifteen days after the filing of such certificate, and provides for the manner of giving notice of such hearing, and that at the time and place fixed for the hearing the court shall proceed to hear said applications and any objections that may be filed within the time fixed by such order; that the certificate of the board of local improvements shall be *prima facie* evidence that the matters and things therein stated are true, and that if any part of the same is controverted by objections the court shall hear and determine the same in a summary manner and enter an order according to the facts, which shall be conclusive upon the parties, and no appeal from or writ of error thereto shall be allowed to review or reverse the same. Under this statute the judgment of the county court is final

and conclusive as to all questions of fact which can be presented at such hearing, and its finding cannot be reviewed by this court by appeal or writ of error. (*Village of Niles Center* v. *Schmitz,* 261 Ill. 467.) From this it follows that even if this motion should be allowed and the hearing had and the court should approve the certificate, no appeal could be prosecuted from such judgment approving the certificate where the sole question presented by the objections was one of fact. We are of the opinion that where a judgment rendered by default is one from which no appeal would lie if a similar judgment were rendered on the merits at the conclusion of a hearing, no appeal could be taken from an order of the court refusing to vacate and set aside such judgment by default and allow the objector to plead.

For the reasons given the appeal must be dismissed.

*Appeal dismissed.*