Grant Lusk et al., Appellants, v. Edward H. Bluhm et al., Defendants. George Meyer, Appellee.

Gen. No. 9,857.

term, 1943. Heard in this court at the February Opinion filed February 16, 1944.

LIDSCHIN & PUCIN, of Waukegan, for appellants.

PEDEN & OVERHOLSER, of Chicago, and SNYDER & CLARKE, of Waukegan, for appellee; GERALD C. SNYDER and LEWIS D. CLARKE, both of Waukegan, of counsel.

MR. JUSTICE WOLFE delivered the opinion of the court.

On June 1, 1942, Grant Lusk, Clara M. Lusk and Mildred Lusk recovered default judgments against George Meyer et al., in the circuit court of Lake county, Illinois. On July 13, 1942, George Meyer filed a motion to vacate the said judgments. On August 4, 1942, the plaintiffs filed a motion to dismiss the motion of George Meyer. A hearing was had on the plaintiffs' motion, which motion was overruled by the court.

Leave was granted George Meyer to file a petition to set aside the default judgments of June 1, 1942. On August 12, 1942, George Meyer filed his motion and prayed that the order of default be set aside. On August 15, 1942, the petition was granted and an order to vacate and set aside the default and judgment was entered. George Meyer was given 10 days to answer the plaintiffs' complaint. On the same date George Meyer filed his answer. From the order setting aside the default, and judgments, Grant Lusk et al., have perfected an appeal to this court.

The suit was started on October 23, 1940, and a demand made by the plaintiffs for a trial by a jury. The defendants were summoned on October 31, 1940, and on November 26, George Meyer entered his appearance through his attorney, John V. Mooradian. On December 5, 1940, George Meyer made a motion to dismiss the complaint. The hearing on this motion was continued five times until April 18, 1941, at which time the motion to dismiss was overruled, and the court entered a rule against the defendants to plead to the complaint within 30 days.

On April 28, 1941, notice was served on George Meyer et al., that the plaintiffs would appear on April 28, and move for an order of default against Edward Bluhm, George Meyer and Hazel Bluhm. On April 28, 1941, an order of default was entered against George Meyer et al. On September 30, 1941, the cause was set for hearing, but the hearing was continued until December 8, 1941. No action was taken at this time. On February 9, 1942, the case was set for trial for March 23, 1942. On March 19, the case was set for trial on April 29, 1942. On May 25, 1942, the case was again set for trial, but the hearing was again continued.

On June 1, 1942, leave was granted the plaintiffs to file an amendment to the complaint instanter, and that the case be dismissed as to the defendant, George Brainard. No notice was given to George Meyer of

any of these proceedings. The death of Hazel Bluhm was suggested, and the cause continued as to her estate. The amendment was filed, and the suit dismissed as to George Brainard. The amendment struck from the second line on page 2, of the complaint, the words, "Business advisor," and struck from line 6 on page 2, of the complaint, "that at the times in question hereinafter referred to, this plaintiff was in poor physical health," and struck from line 9 page 3, the words, "That its stock was fully paid." On the same day that the case was called for trial, the plaintiffs waived a jury, and the complaint was taken as confessed against George Meyer et al., and George Meyer adjudged in default by the court. The case was submitted to the court without a jury. He heard the evidence and found that the defendants were guilty of fraud and deceit, as alleged in the complaint; that malice is the gist of the action, and assessed the damage of the plaintiff, Grant Lusk, at $8,720, and rendered judgment for all the parties.

On July 13, 1942, George Meyer served notice upon the plaintiffs' attorney that he would file a motion to set aside the default, and judgment and to recall the execution heretofore issued. The reasons for the motion were that the judgment was entered without notice to George Meyer, and that the default and judgment was entered without notice to the attorney of George Meyer, who had duly and regularly filed his appearance in said cause; that there were facts that existed on June 1, 1942, the date the judgment was entered, which, if the court had known, he would not have entered the judgments; that the proceedings surrounding the entering of said judgment were irregular and improper and fatally defective; that facts existed which are not apparent on the face of the record, which, if known by the court, would have precluded the entering of judgment on June 1, 1942; that the defendant has a good defense to this suit, and that he

did not make any fraudulent representation nor participate in any fraudulent conduct; that he did not conspire to defraud; that he had nothing to do with the transactions alleged in the complaint, except that he did execute papers from time to time at the request of the said parties upon representations made; that the transactions were legitimate and being conducted in the usual course of business; that the transactions alleged in the complaint were business transactions in which the plaintiffs had as full and complete knowledge as the defendant. This petition was verified by the affidavit of George Meyer. The motion was set for hearing July 24, 1942.

On July 14, 1942, Edward H. Bluhm appeared in open court and gave bond for his appearance, as required by order of the court. On August 4, 1942, the plaintiffs entered a motion to dismiss the motion of the defendant, George Meyer, because they claimed that George Meyer was in default by failure to plead, after due notice of application for said default was served upon his attorney before the default was taken; that paragraphs 3, 4 and 5 of the defendants' motion are mere conclusions of law; that the court is without jurisdiction to grant leave, as requested; that the defendants' motion does not state a good and meritorious defense to said action; that the defendant, George Meyer, failed to show diligence in the presentation of his motion. This motion was not verified. On August 8, the plaintiffs' motion to strike the motion of George Meyer was overruled, and the court vacated and set aside the judgment of June 1, 1942, and recalled the execution, and George Meyer was given five days to file his petition to set aside the default of April 28, 1941, and was given leave to plead. On August 12, 1942, George Meyer filed a verified answer to the complaint.

We have given the dates in the chronological order in which the various pleadings were filed, and the

court's orders relative thereto, because they are important in passing on the merits of the controversy. It will be observed that the motion to dismiss the complaint of the appellant was passed upon and overruled by the court on April 18, 1941, and at that time the court entered a 30-day rule against the defendant to plead or answer the complaint. Under that ruling the defendant had 30 days·from April 18, 1941, to file his pleadings, and the default was taken against him on April 28, 1941, long before the rule had expired, and before the defendant, George Meyer, could be in default for not filing an answer to the plaintiffs' complaint.

If the default and judgment were entered without due notice to the attorney for George Meyer, who had duly and regularly filed his appearance, and facts exist which are not apparent on the face of the record, which, if they had been known by the court, the court would have been precluded from entering the judgment of June 1, 1942, then the court properly set aside the judgment in question. In the case of *Barthelemy v. Braun,* 272 Ill. App. 321, the court quotes to-wit: "In *Quigley v. Ellenwood,* 1 Cal. App. 626, the court said: In taking a judgment by default the plaintiff acts at his peril. He must see that the law has been complied with and that the time for appearance has expired. Otherwise he takes the chances of having his judgment set aside or reversed. In *Hart & Co. v. Nixon & Co.,* 25 La. Ann. 136, it is there stated: The default having been improperly entered; there was no issue joined when the judgment was rendered. There was nothing, therefore, for the judgment to rest upon, and the judgment of the trial court was set aside." The Appellate Court held that the default having been prematurely entered, the court did not have jurisdiction to enter a judgment and that the appeal in that case need not necessarily come under section 89 of our Practice Act of 1907, as it has brought up the whole

record for review. The court concludes its opinion by saying: "We are inclined to hold that the cases from foreign jurisdictions, above cited, state the rule which should prevail in this jurisdiction. It would open the door to confusion to permit a defendant to be defaulted before he was required to appear and plead. We think that orderly procedure in the courts, requires that a plaintiff who proceeds contrary to the rule in this respect, must subsequently proceed at his peril and with the knowledge that any judgment based upon this premature order of default will be vacated and set aside upon review."

On the date that the judgment was taken against the appellee, the plaintiffs amended their complaint in a material manner. This court in the case of *Dahlin v. Maytag Co.*, 238 Ill. App. 85, held that if an amendment to the pleadings was made after default has been entered against the defendant, the effect of such amendment is to automatically set aside the default and order *pro confesso,* and before a judgment can be entered, the defendant must be ruled to plead. If such rule is not entered, the judgment was erroneously ordered. This case was cited with approval in *Frank v. Newburger,* 298 Ill. App. 548. To the same effect is *Odell v. Levy,* 307 Ill. 277, 281. The default in the present case was entered before the rule to plead had expired, and therefore was improperly taken, and the defendant was not in default at the time the judgment against him was entered. Further the complaint having been amended without taking a rule upon the defendants to plead, or answer the same, any judgment entered thereon, without such rule being entered, was improperly taken. This appeal brings up the whole record for a review. The motion of appellee to open up the judgment and for leave to plead was properly allowed.

In the appellee's motion to set aside the default and judgment, he states the default and judgment were

entered without any notice to his attorney, or to himself, and that the default was improperly taken. We have heretofore stated our reason why the default was improper. Section 1 of rule 9, of the rules of the circuit court of Lake county have been certified to us as a part of the record in this case, which is: "No motion shall be heard, or order made in any cause without notice to the opposite party, after such party has entered his appearance, so long as he is not in default for want of an answer." The record shows that the default and judgment were taken contrary to this rule. The rule is well established in this State that motions of this character to set aside a default and for leave to plead are addressed to the sound discretion of the court, and will not be reversed, except in case of abuse of such discretion. The party seeking to have a default set aside must show that he acted with due diligence to protect his rights and that he has a meritorious defense. (*Nitsche v. City of Chicago,* 280 Ill. 268.)

George Meyer entered his motion to vacate and set aside the default and judgment as soon as he learned that the judgment had been entered against him, and his affidavit filed with this motion sets forth a meritorious defense to the cause of action, so he has complied fully with the law relative to his motion so far as the time element and meritorious defense are concerned.

Errors of facts which may be availed of to set aside a judgment by motion under section 89 of the Practice Act of 1907 includes duress, fraud, and excusable mistakes. The error of fact must have been unknown to the court when the judgment was rendered, and it must be such as would have precluded the rendition of the judgment had it been known to the court. (*People v. Green,* 355 Ill. 468.)

At the time the default was entered and judgment rendered against the defendant; the court was unaware that there had not been any notice of such proceeding

served upon the defendant, or upon his attorney. The language used by our Supreme Court in the case of the *North Ave. Building & Loan Ass'n v. Huber,* 286 Ill. 375, 383, is very applicable to this case and is: "It is insisted by defendant in error that the court was without jurisdiction to set aside its order of January 15, 1916, dismissing the bill for want of equity, because such order was made at a term subsequent to the term at which such order of dismissal was made. There is no merit in this contention. The order of dismissal was made without any notice whatever to plaintiffs in error or their counsel and against the express rule of practice of the circuit court. It would be more nearly exact to say the court had no jurisdiction to enter the order of dismissal for want of notice to plaintiffs in error. As we understand the record, this order had no binding force whatever on plaintiffs in error by reason of the express violation of the rule of court in respect to giving notice of the pendency of such motion. The rules of court have the same binding force upon parties, as well as upon the court, as have statutes. (*Axtell v. Pulsifer,* 155 Ill. 141.) It requires no further argument to show that plaintiffs in error were not bound by such order of court and that it was such an order as might be set aside at any time during the term when made, or at a subsequent term, where no discovery of such order is made by the parties injuriously affected thereby until such subsequent term."

It was stated in the early case of *Axtell v. Pulsifer,* 155 Ill. 141, 151: "A rule of court in existence requiring that two days' notice for hearing of motions must be given, when adopted as a rule of court, has, with reference to practice in that court, all the binding effect of a statute." This case has been cited with approval in *Feldott v. Featherstone,* 290 Ill. 485; *Jacobson v. Ashkinaze,* 337 Ill. 141; *People v. Green,* 355 Ill. 468; *Marland Refining Co. v. Lewis,* 264 Ill. App. 163, and

by this court in *Kelley v. United Benefit Life Ins. Co.*, 275 Ill. App. 112.

It is our conclusion that the motion and affidavit of the appellee, Meyer, complies strictly with the statute, and the court properly set aside the default and judgment. The judgment is therefore affirmed.

*Judgment affirmed.*