*In re* ANNEXATION TO CHAMPAIGN-URBANA MASS TRANSIT DISTRICT.—(JAMES THOMPSON *et al.*, Petitioners-Appellants, *v.* CHAMPAIGN-URBANA MASS TRANSIT DISTRICT, Respondent-Appellee.)

Fourth District   No. 14863

Opinion filed November 9, 1978.

Greaves, Lerner & Gadau, of Champaign, for appellants.

Waaler, Evans & Gordon, of Champaign, for appellee.

Mr. JUSTICE CRAVEN delivered the opinion of the court:

The petitioners, James Thompson and David C. Eades, appeal from the trial court's order which held that it did not have jurisdiction to grant the petitioners' motion to vacate a judgment previously entered.

The facts are not in dispute. A petition for annexation of certain land to the Champaign-Urbana Mass Transit District was filed on July 12, 1977. A hearing was held on August 25, 1977, and the trial court entered an order finding that a public hearing had been held, there was no objection to the petition; that the court had jurisdiction; that public notice of the hearing had been given 20 days before the hearing; that the petition conformed with section 8.1 of the Local Mass Transit District Act (Ill. Rev. Stat. 1975, ch. 111 2/3, par. 358.1); and that the petition was signed by at least two-thirds of the legal voters residing in the territory sought to be annexed. The trial court ordered the chairman and board of trustees of the Mass Transit District to take action on the petition within 20 days after receiving the order.

On September 12, 1977, the board of the Mass Transit District passed an ordinance annexing the land to the District.

Thereafter, the petitioners, on September 21, 1977, filed a motion to set aside the trial court's order of August 25. The motion alleged that the court did not have jurisdiction to issue the order since the petition contained less than two-thirds of the signatures of the voters of the land to be annexed. The Mass Transit District filed a limited appearance objecting to the petitioners' motion. The trial court subsequently ruled on the motion to vacate and found that it no longer had jurisdiction. Accordingly, the motion was denied.

The Local Mass Transit District Act (Ill. Rev. Stat. 1975, ch. 111 2/3, par. 351 et seq.) sets forth the necessary procedure for the annexation of contiguous territory. With respect to notice, the Act provides:

"The court shall give notice of the time, place and date of the hearing, by publication in one or more newspapers having a general circulation within the local mass transit district and within the territory sought to be annexed thereto, which publication shall be made at least 15 days before the date set for the hearing." (Ill. Rev. Stat. 1975, ch. 111 2/3, par. 358.1.)

The purpose of the hearing is noted in section 8.2.

"At the hearing provided for in Section 8.1 the court shall preside and any interested person shall be given an opportunity to be heard touching upon the sufficiency of the petition and upon the boundaries of the territory sought to be annexed to the local mass transit district. * * *

Upon the conclusion of the hearing the court shall enter an order, which shall be spread upon the records of the court, finding whether the petition conforms to the requirements of this Act and, if he so finds, describing the territory to be considered for annexation to the local mass transit district and directing that the question of the annexation of such territory be submitted to the board of trustees of the local mass transit district for final action. * * *" Ill. Rev. Stat. 1975, ch. 111 2/3, par. 358.2.

● 1 At the outset it should be noted that the trial court was in error to find that it did not have jurisdiction to hear the motion to vacate. Section 68.3(1) of the Civil Practice Act (Ill. Rev. Stat. 1975, ch. 110, par. 68.3(1), provides:

"In all cases tried without a jury, any party may, within 30 days after the entry of the decree or judgment or within any further time the court may allow within the 30 days or any extensions thereof, file a motion for a rehearing, or a retrial, or modification of the decree or judgment or to vacate the decree or judgment or for other relief."

Case law has held that for a period of 30 days after entering a final order, a trial court may vacate that order for good cause shown. (*City of DeKalb v. Anderson* (1974), 22 Ill. App. 3d 40, 316 N.E.2d 653; *Yale Development Co. v. Texaco, Inc.* (1977), 51 Ill. App. 3d 616, 366 N.E.2d 892.) Thus, the trial court retained jurisdiction to alter its order if an appropriate motion was filed within 30 days. Ill. Rev. Stat. 1975, ch. 110, pars. 50(5), 68.3(1).

■■ Since the trial court did have jurisdiction, it is necessary to consider whether the petitioners could attack the sufficiency of the petitions seeking annexation. In order for this default judgment to be set aside, the petitioners must show that they acted with due diligence to protect their rights and that they have a meritorious defense. *Nitsche v. City of Chicago* (1917), 280 Ill. 268, 117 N.E. 500; *Lusk v. Bluhm* (1944), 321 Ill. App. 349, 53 N.E.2d 135.

■■ Here, neither of these two requirements are met. It is apparent that the petitioners sat idly by, even though they had notice of the hearing on the annexation petitions, while the trial court made its findings and submitted the petition to the Mass Transit board for consideration. It was only after the board had annexed the land that the petitioners sought to question the trial court's finding with respect to the number of voters. The time for this consideration was at the hearing on the matter in the trial court and not at a hearing on the motion to vacate the trial court's judgment. Furthermore, on the basis of the record presented, there is nothing to indicate that the petitioners' defense would be meritorious.

Although the trial court denied the motion to vacate upon jurisdictional grounds rather than for the reasons we deem controlling, the result was correct. The judgment is affirmed.

Affirmed.

REARDON and TRAPP, JJ., concur.